UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joseph F. Hoffman

    v.                                      Civil No. 06-cv-128-PB

Michael Nolin, et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff Joseph F. Hoffman has filed a complaint, a request for preliminary injunctive relief and supporting documents, in which he alleges violations under New Hampshire law (document nos. 1, 4 and 7-9). The state law claims allegedly arise from defendants' actions in connection with the approval of a site plan and issuance of permits for improvements to a marina known as Fay's Boat Yard ("FBY").

Named as defendants are Michael Nolin, Commissioner of the Department of Environmental Services, Richard Flynn, Commissioner of the New Hampshire Department of Safety and Kelly Ayotte, New Hampshire Attorney General. Also named as defendants are the following employees and officers of the Town of Gilford, New Hampshire: John Ayer, Director of Planning and Land Use; John Markland, Chief of Police; Evans Juris, Administrator; Debra

Shackett, Assistant Administrator; and Board of Selectmen Dennis J. Doten, Alice H. Boucher and Connie Cox.

The complaint is before me for preliminary review to determine, among other things, whether Hoffman has properly invoked the subject matter jurisdiction of this court.  See United States District Court of the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B)(I).  For the reasons stated below, I recommend that the complaint be dismissed for lack of subject matter jurisdiction and the request for preliminary injunctive relief be denied.

### Standard of Review

In reviewing a pro se complaint, this court must construe the pleading liberally.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party).  At this preliminary stage of review, all factual assertions made by plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all well-pleaded factual averments, not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair

and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Hoffman's complaint.

## Background

This action appears to stem from state court land use proceedings during which Hoffman, an adjoining landowner, challenged the Town of Gilford's approval of a site plan for improvements to FBY, a marina located at Smith Cove on Lake Winnipesaukee in Gilford, New Hampshire.  See Hoffman v. Town of Gilford, 147 N.H. 85, 86, 786 A.2d 93, 94 (2001).  According to Hoffman, defendants have violated New Hampshire law in connection with the approval of a site plan and issuance of permits for improvements to FBY.  In 1999, defendants allegedly failed to record the site plan with the Registry of Deeds, as required by the Town of Gilford Zoning Ordinance 9.1(a) and N.H. Rev. Stat. Ann. § 674:39 (four-year exemption statute governing approved or properly-recorded subdivision plats and site plans).  In addition, defendants allegedly wrongfully obtained and/or approved a permit issuing additional boat slips to FBY.

Hoffman has filed the instant complaint, alleging that defendants' actions rise to the level of violations under New

Hampshire state law and resulted in the pollution and contamination of fresh water at Smith Cove.  He seeks, among other things, "a cease and desist order, reimbursement for money earned from illegal boat slips built in public waters held in trust by the state, restoration of the shoreline to its natural state and revocation of [FBY's] appointment as a boat sealer pursuant to RSA 270-E:13."

## Discussion

A party seeking relief in district court must at least plead facts which bring the suit within the court's jurisdiction.  See Fed. R. Civ. P. 8(a)(1)(requiring a plaintiff to set forth in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends").  The subject matter of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship.  Id.

A federal question exists where the plaintiff has alleged a colorable federal claim.  See 28 U.S.C. § 1331 (providing for original jurisdiction in the federal district courts for claims arising under federal law).  See also Aldinger v. Howard, 427

U.S. 1, 7 (1976); BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 832 (1st Cir. 1997). In the instant complaint, Hoffman has failed to allege a federal question or invoke any federal jurisdictional statute.  Nor does he assert any facts from which federal question jurisdiction can be inferred.  See 28 U.S.C. § 1331.  Instead, the complaint alleges only state law land use claims that appear to raise local issues concerning zoning and planning.  Construing the allegations generously and accepting them as true, there does not appear to be anything which gives rise to federal question jurisdiction under 28 U.S.C. § 1331.

   To establish diversity, a complaint must allege complete diversity of citizenship between plaintiff and defendant as well as an amount in controversy in excess of $75,000.  See 28 U.S.C. § 1332.  See also Straughn v. Delta Air Lines, Inc., 170 F. Supp. 2d 133, 146 (D.N.H. 2000)(citing Century Southwest Cable Television v. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 1994) (holding that where plaintiffs made no allegations in the complaint respecting the citizenship of the defendant or the dollar value of the amount in controversy, the district court could not properly exercise diversity jurisdiction)).  In the

instant complaint, Hoffman fails to satisfy the requirements for diversity jurisdiction.  He has not alleged any amount in controversy; nor has he alleged diversity of citizenship between the parties.  Because the parties are New Hampshire residents they are nondiverse.  I conclude, therefore, that he has failed to plead diversity jurisdiction under 28 U.S.C. § 1332.

## Conclusion

For the reasons stated above, I conclude that Hoffman has failed to invoke this court's subject matter jurisdiction. Accordingly, I recommend that the complaint be dismissed and the request for preliminary injunctive relief be denied.  See LR 4.3(d)(1)(B)(I).

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.

Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: October 4, 2006

cc:   Joseph F. Hoffman, *pro se*